HEARD NOVEMBER TERM, 1876.

### HANCOCK *vs.* CASKEY.

Where lands are sold under an order from the Probate Court for partition and there is no reservation of the crops growing thereon, either in the order of sale or in the conveyance to the purchaser, such crops pass with the land conveyed and become the property of the purchaser.

Where lands are sold under a decree for partition, without reservation of the growing crops, a guardian *ad litem* of the infant defendants is estopped from claiming such crops as his property.

BEFORE MACKEY J., AT LANCASTER, OCTOBER TERM, 1876.

This was an action by Burrell R. Hancock against John D. Caskey, J. M. Caskey and Wylie Q. Caskey to recover damages for a certain quantity of oats alleged to have been the property of the plaintiff, and, on the first day of July, 1874, to have been wrongfully taken by the defendants and converted to their own use.

The case was as follows:

The oats which were alleged to have been converted by the defendants were grown upon a tract of land which, in 1873, " belonged to and was held in common by Thomas H. Clyburne and the following named children of Missouri Hancock, deceased, wife of plaintiff, to wit: Henry C. Hancock, George S. Hancock, J. J. Hancock, Thomas Hancock, S. A. Hancock, Gassey Hancock and B. P. Hancock, the same being also children of plaintiff, Burrell R. Hancock, the same being the land conveyed by Henry Hancock to J. C. Campbell in trust for Missouri Hancock, deceased."

In 1873 Thomas H. Clyburn commenced proceeding against the children above named of Missouri Hancock, deceased. Burrell R. Hancock was appointed guardian *ad litem* of some of the defendants, who were infants, and filed answers on their behalf. In January, 1874, the land was sold by the Sheriff under a decree made in

the proceedings for partition, and was purchased by Thomas H. Clyburn, who shortly afterwards sold and conveyed the land to the defendants. Neither in the decree for partition nor in the deed of conveyance by the Sheriff to Thomas H. Clyburn, nor in the deed of conveyance by Clyburn to the defendants, was there any mention of oats growing upon the land, or reservation of the same from sale. It was shown that the plaintiff, Burrell R. Hancock, was in possession of the land in the year 1873, and that the oats which the defendants took possession of and claimed as their property under the conveyance from Clyburn to them were sown by the plaintiff and were growing upon the land when it was sold for partition.

The defendants, by their counsel, requested the presiding Judge to instruct the jury "that the oats in question, growing on the land, if there was no reservation of the same in the order of sale or in the deed to the purchaser, did pass to the purchaser, Thomas H. Clyburn, with the land conveyed under the order of sale aforesaid." The request was denied, and the defendants excepted.

His Honor instructed the jury "that the crop in question was the property of B. R. Hancock, who produced it as a tenant at will." To which instructions the defendants excepted.

The jury found for the plaintiff thirty-seven dollars damages, and the defendants appealed.

*Kershaw, Allison & Connors,* for appellants :

*First.* What was the character of plaintiff's possession?

*a.* He was not a tenant, because he was not in by virtue of an express agreement; and no agreement can be implied with his infant children, and tenancy cannot otherwise arise.—Taylor Landlord and Ten., 9, § 14.

*b.* He held possession in right of his children as *quasi* guardian.

At common law he would have held as guardian in *socage.*—2 Kent, 222.

But that relation has gone into disuse and does not exist in this State.—*State* vs. *Tidwell,* 5 Strob. L., 8.

Natural guardianship only extends to the person of the child and gives no control over the estate.—*Anderson* vs. *Darby,* 1 N. & McC., 369; 2 Kent, 223.

If one intrudes into possession of an infant's property he is liable as if he were guardian.—*Goodhue* vs. *Barnwell,* Rice Eq., 199.

He holds as guardian or bailiff of the infant.—*Harvin* vs. *Reggs*, Rich. Eq. Cas., 291. His possession, therefore, was the possession of the infant heirs.

*Second.* What effect had the judgment in partition on plaintiff's rights?

*a.* A judgment in partition establishes the title to the land partitioned and is conclusive upon any adverse claim of title or possession existing at the date of its rendition. The law requires the Court to ascertain and determine the rights of the parties and makes it the duty of the parties to declare their adverse claims.— Freeman on Judgments, § 304.

The proceedings in partition are conclusive upon parties and their privies.—*Rabb* vs. *Aiken*, 2 McC. Ch., 118.

Plaintiff's privity was complete. He was privy to the case and to the estate.

Growing crops standing upon the soil when the latter is conveyed pass as part of the realty, and any exceptions rest upon reservations to be made by the vendor.—4 Kent, 468.

The judgment and sale under it is a conveyance by record, and the reservations might have been made appear by plaintiff had any right existed.

*Third.* Assuming that he was a tenant, plaintiff has not established his right. The *onus* was upon him to show the character of his tenancy and establish his claim in abrogation of defendants' title. It will not be presumed in his favor that he was tenant at will.

*Fourth.* If he were tenant at will, he is not entitled, because he put an end to his own tenancy by surrendering possession.

If tenant at will terminate his own tenancy, he is not entitled to emblements.—Taylor on Landlord and Tenant, §§ 535, 543.

*Fifth.* He is not entitled, because there is no privity between him and defendants. Defendants acquired the freehold with the growing crop without any reservation or qualification of his right, express or implied.

It follows that the charge of the presiding Judge was erroneous.

*Clarke*, contra.

Burwell R. Hancock was tenant and entitled to notice to quit. Had he such notice as the law requires? He had not.—See *Execu-*

*tors of Goddard* vs. *R. R. Co.*, 2 Rich., 347; *State* vs. *Stewart*, 5 Strob., 31; *Floyd* vs. *Floyd*, 4 Rich., 23.

Who was entitled to the emblements? Burwell R. Hancock, the tenant.—See 4 Kent, pages 73 and 110.

The opinion of the Court was delivered by

WILLARD, A. J. This action is for the recovery of personal property, consisting of oats growing on a tract of land purchased by the defendants at the time of such purchase, and subsequently harvested and claimed by the defendants. Plaintiff, to establish his right of recovery, presents the following state of facts: The land on which the oats were grown was sold under an order of sale for partition in January, 1874, and purchased by Thomas H. Clyburn, who sold it to the defendants. No reservation of the growing crops was made in the sale for partition. The plaintiff, B. R. Hancock, was a party to the proceedings for partition as guardian of his infant children, who appear to have been treated as either having the fee of the land, or, as *cestuis que trust*, entitled to its beneficial use as tenants in common with Thomas H. Clyburn, who became the purchaser at partition sale. Their exact title is not disclosed, but as the case is made before us we must assume that it was only as standing in that right that he can be regarded as affected by the proceedings for partition. The present action appears to be brought by the plaintiff in his individual right, and not as guardian for his children. The first exception to the charge of the Judge is based upon the refusal of the Judge to charge "that the oats in question growing on the land, if there was no reservation of the same in the order of sale or in the deed to the purchaser, did pass to the purchaser, Thomas H. Clyburn, with the land conveyed under the order of sale aforesaid." The second exception is to a charge that the crops in question were the property of B. R. Hancock, who produced them as tenant at will. There was no evidence to warrant the statement of facts thus charged. There was no direct proof of the fact, and if it was an inference competent to be drawn from all the facts and circumstances disclosed, then it was the province of the jury and not of the Judge to draw such inference. But whatever may have been the relation of B. R. Hancock to the growing crop, it is enough to know that he was bound by the partition proceedings as a party, and had he held the title to the land he could not have interposed a claim to the growing crop after assenting to the sale of

the land without reservation of the growing crop. There is no principle that allows one selling land without reserving growing crops to make such a demand against a purchaser in possession. Regarding the children as standing in that position to the land, the plaintiff, as their guardian, is equally precluded from asserting in their behalf such a right. Had the plaintiff held an individual claim to the growing crops that might affect the title of a purchaser under the order of sale for partition, he was bound to bring it forward before the order of sale was made, and, having failed to do so, is estopped.

Both exceptions appear to be well taken, and there should be a new trial.

*Wright,* A. J., concurred.

---

HEARD NOVEMBER TERM, 1875.