HEARD NOVEMBER TERM, 1877.

## WARREN, WALLACE & CO. *vs.* BURTON.

A prior encumbrancer is not a necessary, but only a proper, party to an action to foreclose a mortgage, and the action may proceed to judgment without making him a party.

BEFORE CARPENTER, J., AT EDGEFIELD, JULY, 1876.

Action by Warren, Wallace & Co. against Geo. W. Burton to foreclose a mortgage of real estate given by the defendant to the plaintiff.

The defendant by his answer alleged that he had given a prior mortgage to D. L. Turner, who had assigned it to one Jacob Burton, and that the mortgaged premises were subject to the lien of that mortgage, and he prayed that the complaint be dismissed on the ground that Jacob Burton had not been made a party to the action.

Other defenses were alleged by the answer, and at the trial testimony was taken on both sides.

His Honor rendered a decree for the plaintiff, and the defendant appealed on the grounds—

1. Because the weight of testimony shows that the note dated March, 1872, was not given to secure past indebtedness, but only future advances.

2. Because the testimony is positive and uncontradicted that the note given 31st of March, 1875, was not to secure the balance due on the mortgage debt alone, if at all, but that it included accounts and claims against the defendant that had nothing to do with the mortgage debt.

3. Because the note of the 31st of March, 1875, is not a renewal of the mortgage debt, said debt having been paid and extinguished.

4. Because the note of the 31st of March, 1875, itself extinguished the original mortgage debt, if it had not already been extinguished by payment.

5. Because the mortgage was only intended to secure legal charges for advances made to defendant, and plaintiffs charged defendant in their account more than legal interest, and both interest and commissions on the same advances.

6. Because the lands covered by the mortgage had been conveyed to Jacob Burton by defendant, and he should have been made a party before any judgment was rendered in this action.

*Norris*, for appellant.

*Addison*, contra.

February 28, 1878. The opinion of the Court was delivered by

McIVER, A. J. This was an action to foreclose a mortgage of real estate, and the only legal question involved is whether to such an action an antecedent encumbrancer is a necessary party. While such an encumbrancer may be and is a *proper* party to such an action, in order that the purchaser at the sale in which such an action results may obtain a clear title, free from such encumbrance, yet he is not a *necessary* party, and the action may proceed to judgment without making him a party.—Story Eq. Pl., § 193; Cal. on Parties, 128–138; Pomeroy on Remedies, §§ 333–342; *Rose* vs. *Page*, 2 Sim. Rep., 471; *Richards* vs. *Cooper*, 5 Beav., 304; *Delabere* vs. *Norwood*, 3 Swans., 144.

There are cases like *Finley* vs. *Bank of the United States*, (2 Wheat., 304,) *Haines* vs. *Beach*, (3 Johns. Ch., 459,) and *DeSaussure* vs. *Bollmann*, (7 S. C., 329,) which hold that unless an antecedent encumbrancer is made a party to a bill for foreclosure and sale of mortgaged premises he will not be bound by the decree, and, therefore, if it is desired so to bind him, he must be made

a party. But, on the other hand, the authorities above cited fully sustain the conclusion that while such an encumbrancer may be a *proper* party he is not a *necessary* party, and the action may be prosecuted to judgment without making him a party, the only effect being that, as he is not bound by the judgment, the purchaser at the sale made under such judgment takes subject to the encumbrancer.

The other questions raised being questions of fact which have been determined adversely to the appellant in the Court below, this Court, as has been repeatedly decided, will not undertake to review such findings of facts, except where they are shown to be without any evidence to sustain them, or where "the overbearing weight of the evidence" is against the conclusion reached by the Circuit Court. Without undertaking to go into an examination of the testimony, it is sufficient to say that, so far from finding either of these conditions of things, the conclusions reached by the Circuit Court seem to be supported by the evidence.

The motion is dismissed.

*Willard*, C. J., and *Haskell*, A. J., concurred.