## HENDERSON *v.* TRIMMIER.

1. Judgment was obtained and execution issued in 1880, and levy made on defendant's land and endorsed same year, and renewed in 1887, and land then sold. *Held*, that the sale was good, the levy having been first made before the active energy of the execution had expired. *Gassaway* v. *Hall* (3 Hill, 289), and *Toomer* v. *Purkey* (1 Mill Con.

---

[1] This is a mistake. See Circuit decree.—REPORTER.

R., 323), recognized and followed, and *Sims* v. *Randall* (2 Bay, 524), distinguished from this case.

2. There being an unsatisfied judgment senior in date and rank, next a mortgage, and next a junior judgment, a levy, sale, and sheriff's conveyance were made under the junior judgment. This sale being also referable to the senior judgment, and the purchasers having therefore taken a good title discharged of the mortgage lien, the mortgagee was enjoined from selling under his mortgage.

Before FRASER, J., Spartanburg, August, 1889.

Action by Fazina Henderson and others against Margaret L. Trimmier, administratrix *c. t. a.*, commenced April 26, 1887.

The Circuit decree stated the Cooley judgment, the mortgage, and the Mathis judgment, and then found as follows :

Execution was issued thereon [*i. e.*, on the Mathis judgment] and lodged with the sheriff of Spartanburg County on December 6, 1880, and a levy was made thereunder on December 7, 1880, but the land was not sold at that time, the judgment and execution having been purchased by F. M. Trimmier, and both properly assigned to him, and left open for his benefit. Thereafter, on salesday in April, 1887, F. M. Trimmier caused the said tract of land to be sold by L. M. Gentry, the succeeding sheriff, and he received all of the proceeds of the sale, after deducting the sheriff's costs. At the time of the sale under this judgment and execution, there was still a balance due on the Cooley judgment, and the execution thereon had been returned unsatisfied to the clerk's office. This execution had been taken out thereafter by Cooley's attorneys for renewal, and a memorandum to that effect left in the record. These facts are either admitted or proven beyond reasonable question.

The sole questions of any weight that were made are, whether the sale made under the execution was a valid sale, being made after return day; and whether such sale would divest the lien of the mortgage. I think both these questions must be answered affirmatively. Mr. Trimmier, nor his administratrix, can allege anything against the legality of a sale directed by himself, in the bidding of which he participated and the proceeds of which he received; and the sale being for the benefit of the older judg-

ment lien, the title under such sale is necessarily sustained by such older lien; and the Cooley judgment being older than the mortgage, it necessarily gave a good title against the mortgage.

It is therefore ordered and adjudged, that M. L. Trimmier, as administratrix with the will annexed of F. M. Trimmier, deceased, be and she is hereby perpetually enjoined and restrained from enforcing or attempting to enforce a sale of said real estate under the mortgage described and set forth in the pleadings herein; and that she do pay the costs and disbursements of this action, to be taxed by the clerk of this court.

Defendant appealed.

*Mr. Stanyarne Wilson*, for appellant.

The sheriff's sale was void, because there was at the time no valid levy and no execution of active energy. *Code,* § 311; 2 *Bay,* 524. Trimmier is not estopped by having been the judgment creditor at that sale. 2 *Bail.,* 418; 26 *S. C.,* 285. The Cooley judgment, obtained in 1869, should be presumed paid from lapse of time and other circumstances. *Rich. Eq. Cas.,* 283; 4 *Rich. Eq.,* 16; 10 *Id.,* 301; 12 *Id.,* 337; 2 *S. C.,* 496. It was understood by all parties at the sheriff's sale, that the sale was made subject to the mortgage. By authorizing a sale under a junior judgment, Trimmier was not estopped from afterwards foreclosing his mortgage on this land. 4 *McCord,* 336; 17 *S. C.,* 501.

*Messrs. W. S. Thomason* and *Nicholls & Moore,* contra.

March 13, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. It appears that A. J. Henderson, testator of Fazina Henderson, in 1876 became indebted to F. M. Trimmier, defendant's intestate, in the sum of $300, borrowed money, which he secured by a mortgage upon a tract of land situate in Spartanburg County, giving power to the mortgagee to sell said land in case of default. At the time there were several judgments against Henderson, and some time after the execution of said mortgage, one Mathis obtained a judgment

against the said Henderson for $661.75, upon which execution was issued in December, 1880. Trimmier, the mortgagee, now deceased, became the owner of this judgment, under which, and in pursuance of his orders, the land was sold by the sheriff in April, 1887, the plaintiffs being the purchasers at the price of $195. Trimmier being the only other bidder. At the time of this sale there was a small balance due on one of the senior judgments, to wit, the Cooley judgment; the other senior judgments had been satisfied. Trimmier received the proceeds of the sale.

The judgment of Mathis, as stated above, had been obtained in 1880, and a levy made at the same time by a former sheriff, but no sale was made until Gentry came into office, who in March, 1887, endorsed a renewal of this levy and sold the land in April, 1887. Immediately after this sale, Trimmier, by virtue of the power given him in the mortgage, advertised the land for sale thereunder in May, 1887. He was restrained by a temporary injunction granted by his honor, Judge Wallace, in the action below.

The main question in the appeal is, whether the sale made by the sheriff as above, divested the lien of the Trimmier mortgage, in view of the fact that the senior Cooley judgment had not been fully paid. The appellant contends that, a levy having been made under the Mathis execution in 1880 by a former sheriff, and no sale made thereunder before its active energy had expired in March, 1886, that the subsequent endorsement of a levy by the subsequent sheriff in 1887 was nugatory, and the sale thereunder was void, and therefore could not affect the lien of the mortgage. His honor, Judge Fraser, held otherwise, and made the injunction perpetual.

The case of *Gassaway* v. *Hall,* 3 Hill, 289, and also *Toomer* v. *Purkey,* 1 Mill Con. R., 323, are conclusive upon the question. In the first case a levy was made and endorsed on the *fi. fa.* before its return day, and the sale was made by a succeeding sheriff five years afterwards. Held, that the sale was valid. Nearly the same facts in the other case, and the sale was also held valid. We refer to those cases not only as authority, but for the reasoning of the learned judge who delivered the opinion of the court. In the last case, Judge Johnson, in commenting on *Sims*

v. *Randall*, 2 Bay, 524, relied on here by appellant, stated that it appeared from MSS. notes of Judge Bay, that both the levy and the sale was made after the return day of the execution. A very marked difference from the case here, and also from *Gassaway* v. *Hall* and *Toomer* v. *Purkey*, *supra*.

Upon the authority of these two cases, we hold that the sale here was good, and inasmuch as it was found below as matter of fact. that the senior Cooley judgment had not been fully paid, a finding which we see no reason to disturb, it follows that the lien of the mortgage was divested. and therefore that the mortgagee was proceeding without authority.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.