6728

MARION COUNTY LUMBER CO. v. TILGHMAN LUMBER CO.

1. ADDITIONAL GROUNDS.—In a law case this Court can not sustain a judgment on additional grounds urged by respondent.
2. EVIDENCE—REAL PROPERTY—BOUNDARIES.—DECLARATIONS of one holding title to and in possession of a tract of land on which he has sold the timber, while going around the lines and pointing out the lines, and the declarations and acts of his agent while so pointing out the lines are competent in an action to settle the boundary lines of the timber lands.

Before MEMMINGER, J., Marion, Spring Term, 1907. Reversed.

Action by Marion County Lumber Co. against Tilghman Lumber Co. From judgment for defendant, plaintiff appeals.

*Messrs. Knox Livingston* and *M. C. Woods,* for appellant, cite: *Declarations of owner in possession in designating the land are admissible:* 1 Green. Ev., Sec. 109; 3 McC., 261; 4 McC., 262; 11 Rich., 109; 3 S. C., 577; 16 Id., 142; 53 Id., 31; 4 Rich., 424; 9 Rich., 53. *Where the descriptive clause in a grant is clear and boundaries can be established, testimony as to acreage is rejected:* 2 Rich., 481; 3 Strob., 127; 1 Rich., 491; 24 S. C., 124. *Statement as to name of tract of land not based on general repute but on what witness thinks, is an opinion:* 26 S. C., 235; 29 S. C., 423; 41 S. C., 121; 49 S. C., 245. *Court should not ask a question objectionable if propounded by counsel:* 4 Ency., 854. *Plats not competent because copies of old ones:* 49 S. C., 245. *Opinion of surveyor as to what to do in locating lines is not competent:* 44 S. C., 242. *Written instrument can not be varied by parol:* 53 S. C., 304. *In locating lines, they must extend to boundaries called for:* 24 S. C., 124; 1 McC., 167; 1 Rich., 497.

*Messrs. Montgomery & Lide,* contra, cite: *Latent ambiguity in deed may be explained by parol:* 3 McC., 272; 1 McC., 258. *Acreage may be considered if boundaries are uncertain:* 3 Rich., 4. *Declarations of grantor after execution of deed and of third party are not admissible:* 2 McM.. 46; 4 Rich., 422; 9 Rich., 50; 43 S. C., 370. *Hearsay testimony as to boundaries is admissible:* 3 McC., 227.

January 21, 1908. The opinion of the Court was delivered by

JUDGE R. C. WATTS, ACTING ASSOCIATE JUSTICE. This action was brought by the Cape Fear Lumber Company, September 3, 1903, against defendant-respondent, for cutting certain timber and for injunction. Pending trial, Cape Fear Lumber Company conveyed its interest in the timber in question to Marion Lumber Company and an order was taken substituting the Marion Lumber Company as plaintiff and continuing the action in its name and behalf.

The cause was tried at the spring term of Court of Common Pleas for Marion County before Judge Memminger and jury, and a verdict was rendered for the defendant; from judgment entered thereon, plaintiff appealed, alleging twenty-three specific grounds as error on the part of the trial Judge.

Respondent also gave notice that it would ask this Court to sustain the verdict on additional grounds. As to the latter, as this is a law case, this Court can not sustain the verdict on the additional grounds set out by respondent, as we have no power to consider them in a law case.

Was there error on the part of the Circuit Judge in ruling out part of the testimony of E. B. Berry and limiting him as the owner of the land in going around and pointing out the land and excluding his statements and declarations, and excluding the testimony of J. C. Wise, agent of Berry, *in toto,* as complained of by respondent in exceptions one and two. The testimony conclusively shows that Berry is the owner of the lands on which the timber in dispute is located; that he is now and was at the time he conveyed the timber to both plaintiff and defendant, in possession of the lands. He only conveyed in his deeds certain timber and with privilege of purchasers to enter and remove the same. All under fourteen (14) inches he reserved the title and possession of—that he retained in himself, as well as possession and title to the land. Such being the case, Berry having merely sold part of the timber and easement, retaining fee to land and all timber under fourteen (14) inches, and unbroken possession, his declarations were competent to go before the jury, not to vary the terms of the grant, but to locate the lines of the lands on which he lived. The fact that he has parted with neither the fee nor possession nor right of possession distinguishes this case from *Renwick v. Renwick,* 9 Richardson Law, 50, and is in accordance with the principle laid down by Mr. Justice Gary in *Hobbs v. Beard,* 43 S. C., 370, 380,

21 S. E., 305, where the same distinction is carefully maintained, for he says: "It seems that the declarations of Mrs. Wolfe, mentioned in third exception, were made *after she had conveyed the land and surrendered possession.* Her declarations were, therefore, inadmissible." Here we have quite a different state of facts: We find Berry retaining title and possession of land and everything on it except the right of the parties he sold to, to enter and remove certain timber fourteen (14) inches in diameter.

We also think there was error in refusing to admit the acts and the declarations of J. C. Wise. Wise was the undisputed agent of Berry, the owner of the land, and in possession, the declarations were made within the scope of his agency, while performing duties assigned him and in relation to the same. Many owners of lands do not live on their lands and are in possession by agents and tenants, who frequently know more about their lines and corners than they do. Frequently persons inherit lands, or buy lands, and have to call in some one who is familiar with the lines to find out the extent of their claims and keep adjoining land-owners from tresspassing without calling in a surveyor, and if they are willing to appoint their agents for that purpose, and if they retain title and possession of the lands, then the acts and declarations of their agents, appointed for that purpose, acting in the scope of their agency, is competent and binding. For these reasons we think the Circuit Judge was in error.

As to other exceptions, a careful consideration of them, without taking them up *seriatim,* satifies us as to them the Circuit Judge committed no error.

It is the judgment of this Court, that the judgment below be reversed and a new trial granted.

MR. JUSTICE WOODS *was disqualified and did not sit in this case.*