7423

MARION COUNTY LUMBER CO. v. TILGHMAN LUMBER CO.

1. JUDGMENT—PARTITION—PARTIES.—The lien of a judgment against one tenant in common attaches to the interest of that tenant in the common property, subject to the paramount right of partition, and after•partition attaches to the interest of the tenant set apart in kind or his share in the fund and the lien holder need not be made a party to the partition proceeding.

2. PARTITION—TIMBER—PARTIES.—Pending suit for partition, the timber on the common property was sold under a proceeding instituted by the adult tenants against the minors at private sale on options received by the adults, the proceeding not being a part of or supplemental to the partition suit to which the holder of a lien against one tenant was not made a party; the purchaser of the timber on the tract allotted to the debtor tenant takes it subject to the lien of the judgment, no exception being made of the timber in the partition.

3. ADDITIONAL GROUNDS.—When the equity fails in a suit in equity, the rules of law prevail, and in such case this Court cannot consider if the decree can be sustained on additional grounds.

4. REHEARING refused.

Before ALDRICH, J., Marion, April, 1908.     Reversed.

Action by Marion County Lumber Company against Tilghman Lumber Company.     From judgment for plaintiff, defendant appeals.

*Messrs. Willcox & Willcox, Montgomery & Lide* and *Henry E. Davis,* for appellant.

*Messrs. Montgomery & Lide* cite: *Proceeding for sale of timber was not partition suit:* 5 Rich. Eq. Cas., 401; 99 S. W., 872; 49 Ala., 453; 1 Spear. Eq., 518; 1 Rich. Eq., 361; Knapp on Par., 112; 111 N. W., 37; 65 S. C., 499; 12 S. C., 488.     *Paramount right to partition resides only in other than debtor tenants:* 36 S. C., 417; 14 S. C., 457; 32 S. C., 452; 26 S. C., 29.     *Additional grounds cannot be considered:* 79 S. C., 54.

*Messrs. Willcox & Willcox* and *Henry E. Davis* cite: *Was the suit to sell timber a partition suit?* Rich. Eq. Cas., 401; 3 Rich. Eq., 1; 3 S. C., 321; 22 Cyc., 563, 570; 30 Cyc., 219; 15 Ency. P. & P., 805; 6 Jones Eq., 258; 6 Ency. P. & P., 269; 81 S. C., 492; Code 1902, 2439; 21 Ency., 1199; Freeman Cot. & Part., secs. 424, 537; 2 Strob. Eq., 145; 24 S. C., 594; Code 1902, 2436-2439; 19 S. C., 323. *Does rule that lienholders are not necessary parties apply strictly to a partition suit?* 2 Strob. Eq., 23; 32 S. C., 453; 81 S. C., 270; 1 Pom. Eq. Jur., 459; 30 Cyc., 209-10; 25 S. C., 61.

*Messrs. J. Knox Livingston, J. W. Johnson* and *M. C. Woods,* contra, cite: *Right to partition is higher than interest of lienholder against interest of one tenant: Rabb* v. *Aiken,* 2 McC. Ch.; 2 Strob. Eq., 23; 26 S. C., 29; 5 Rich., 1; 14 Rich. Eq., 44; 1 S. C., 80; 14 S. C., 454; 32 S. C., 453. *Anything held in common may be the subject of partition:* Code 1902, 2436; 21 Ency., 1132-3, 1160-1; 26 S. C., 302; 7 Am. St. R., 170; 80 S. C., 109; 12 Rich., 314; 77 S. C., 259; 79 S. C., 134.

The opinion in this case was filed November 25, 1909, but remittitur held up on petition for rehearing until

January 24, 1910.   The opinion of the Court was delivered by

MR. ALLEN GREEN, *acting Associate Justice in place of* MR. JUSTICE WOODS, *disqualified.* This is an action to enjoin the defendant-appellant from cutting, felling and appropriating timber upon certain lands in Marion county, and for damages for trespasses already committed.

The defendant admitted the cutting and appropriating of the timber upon the Fred Dew tract, sets up title thereto, but denies any trespass upon the other lands described in the complaint. The cause came on for trial upon the issue of

title before his Honor, Judge Robert Aldrich, and a jury, at Spring term, 1908, of the Court of Common Pleas for, Marion county. During the trial the plaintiff failed to prove any trespass upon the lands described other than the Fred Dew tract; and, the defendant making no claim to the other lands, they were eliminated from the case.

At the conclusion of the testimony the Court being of the opinion that the plaintiff had shown the better title to the Fred Dew tract, instructed the jury accordingly, and submitted to them the question of damages. A verdict was rendered for $350, upon which an order permanently enjoining the defendant from trespassing upon the Fred Dew tract was passed and judgment entered, and from this order and judgment the appeal is taken upon exceptions alleging error in the above ruling of the Circuit Judge.

The plaintiff and defendant claim title from a common source—Henry E. Berry—or, immediately and directly, the children of Elihu E. Berry, of whom Sarah M. Fore was one; these children being tenants in common and remaindermen after the death of their father of the lands in dispute under a conveyance from their grandfather, the said Henry E. Berry.

The plaintiff claims through a deed from the master conveying certain of the standing timber upon the land to the Cape Fear Lumber Company, dated January 21, 1899, pursuant to a decretal order of the Court of Common Pleas, in an action to which the tenants in common alone are parties, all the adults being plaintiffs and the minors defendants, praying the sanction of the Court for the disposal of the minors' interest and sale of the aforesaid timber in accordance with the terms of options or contracts of sale previously entered into between the adults and the Cape Fear Lumber Company. The defendant claims through a sheriff's deed, dated the 9th October, 1900, conveying the fee in the land, based upon a sale under execution upon judg-

ments against Sarah M. Fore, the liens of which date from April, 1894.

The facts necessary for an understanding of the issues are: Henry Berry in 1874 conveyed, amongst other lands, the Fred Dew tract to his son, Elihu, for life, and after his death to his children, of whom Sarah M. Fore was one. In September, 1895, after the death of Elihu, his son and administrator, E. Lide Berry, commenced an action in the Court of Common Pleas for the settlement of the estate and the partition of this tract, together with the other land derived under the deed and held in common by the children of Elihu, to this action, and all the tenants in common and a creditor—Wheeler—were made parties. This action is conceded by all parties to be an action of partition, and resulted in a partition and decretal order confirming the same, dated May 12, 1900, by which the Fred Dew tract of land was allotted to Sarah M. Fore in severalty. While this suit was pending, and before decree, E. Lide Berry, the administrator and one of the tenants in common, entered into contract with the Cape Fear Lumber Company for the sale of certain of the standing timber upon the lands held in common at a stipulated price. The company agreed to purchase at the stipulated price, to comply as soon as the title is pronounced good by our attorneys and the proper deeds executed. These contracts or options are dated February 12, 1898.

In May, 1898, the adult tenants in common executed a paper bearing the caption of the suit for the sale of timber, presently referred to, reciting that all the plaintiffs are adults and the defendants minors, and "The adult parties interested are anxious that the timber should be sold for the price agreed on between E. Lide Berry and said company, but the difficulty of the minority of the defendants makes it impossible to perfect the sale, except through the court of equity, as they are informed, and they, therefore, request Messrs. Johnson & Johnson, attorneys, to institute proceed-

ings to procure good and sufficient titles through the Court to said company for said timber."

And in pursuance thereof the suit through which plaintiff claims was brought. The plaintiff contends that this suit was substantially a suit for the sale ·for partition of the standing timber upon the land, while on the part of the defendant it is contended it is nothing but an application to the Court to sanction and confirm a private sale of the timber, which the administrator and adult tenants in common had contracted to make, but which, on account of the minority of the defendants, could not be effected without the aid of the Court, and the confusion arises from the pendency of the two actions at the same time.

The fundamental question in the case is: Were the liens of the judgments against the tenant, Sarah M. Fore, divested by the proceedings instituted for the sale of the timber during the progress of the original action for partition? It is conceded and well settled in this State that the lien of a judgment attaches to the interest of the tenant in common in the common property, subject to the superior right of partition and the purchase under execution, based upon such judgment, relates back to the lien of the senior judgment, and invests the purchaser with all the rights of the judgment creditor. *Massey* v. *McIlwain,* 2 Hill Eq., 427; *Henderson* v. *Trimmier,* 32 S. C., 270, 11 S. E., 540; *Garvin* v. *Garvin,* 34 S. C., 388, 13 S. E., 625.

It is also a familiar principle that, in order for the process of the Court to convey lands free from incumbrances, the incumbrancers must be parties to the proceedings; otherwise the purchaser takes subject to the right of the incumbrances. *DeSaussure* v. *Bollmann,* 7 S. C., 329; *Warren W. & Co.* v. *Burton,* 9 S. C., 197.

The action of partition is an exception to this rule. In case of judgments against the interest of co-tenants it is not necessary, as a rule, to make such lienholders parties,

because, after partition. in kind is made, the judgment by operation of law attaches to the allotted share of the judgment debtor as of its original lien, or, in case of sale, is transferred to his share in the fund. *Ketchin* v. *Patrick,* 32 S. C., 443, 11 S. E., 301; *Ex parte Mfg. Co.,* 81 S. C., 270, 62 S. E., 259.

The Circuit Court, recognizing these rules, held the suit through which plaintiff claims substantially a suit for partition, and adjudged accordingly. In this we think there was error.

The original action was commenced in 1895, and resulted in a judgment in 1900, by which the land in question was set off in severalty to the defendant in execution. During the pendency of this action the independent proceeding was instituted, to which the judgment creditors were not made parties, by which the standing timber apart from the land was sold and bought by plaintiff's predecessor in title. Standing timber is a part of.the freehold. *Knotts* v. *Hydrick,* 12 Rich. Law, 314.

When the Court in 1895, in the original action, acquired jurisdiction of the parties and the subject-matter, its jurisdiction in that cause was plenary. *Connor* v. *McCoy,* 83 S. C., 165, 65 S. E., 257; *Backler* v. *Farrow,* 2 Hill Eq., 111. The jurisdiction of the whole necessarily includes all of its parts. Courts do not try actions in piecemeal. The rule is that every matter necessarily arising in the action is concluded by the judgment. *Hart* v. *Bates,* 17 S. C., 35.

The record shows that in the partition and allotment of the land to Mrs. Fore no exception was made of the timber in question. If the proceedings to sell the timber had been a proceeding in the original cause, or supplemental thereto, it was necessary that the writ in partition or the decretal order should have excepted the timber in the allotment. This, however, was not done. *Hancock* v. *Caskey,* 8 S. C., 282; *Tittle* v. *Kennedy,* 71 S. C., 1, 50 S. E., 544.

Again, there are no earmarks upon the proceedings for a sale to identify it as a part of the original cause; the parties are not the same; the creditor in the original suit is omitted; and the character of the parties is changed, the adults being all plaintiffs and the minors defendants.

The subject of the second action is the advisability of accepting for the infants the contract for the sale of the timber already made by the adults.

The order of reference recited in the master's report and the prayer of the complaint refer not to partition, but to sale. The whole object of the suit appears to be a proceeding to carry out a prearranged contract for the sale of the timber upon the tract in dispute, and the application to the Court arose from the fact that the minority of some of the co-tenants rendered it necessary that application to the Court be made, and their interest protected. The defendant in execution, and all the adult parties, appear as plaintiffs in that cause and ratified the action of their co-tenant in making the contract of sale. To be regarded as a proceeding in the original cause, it should have been entitled therein and have taken the form of a petition and motion thereon; to be regarded as a supplemental complaint in the original cause, it should have recited the proceedings up to the time of filing, and then proceeded with the allegations of the new matter which justified the filing of such complaint, and in both of such modes notice should have been given, or rule to show cause issued and served. Code Proc. 1902, sec. 198; *Avery & Son* v. *Wilson,* 47 S. C., 78, 25 S. E., 286.

The orderly administration of justice, and the preservation of the rights of the lien creditors, require that modes of procedure sanctioned by long usage be adhered to.

We hold, therefore, that the original action for partition being pending was exclusive of the subject-matter embraced therein, and only by proper proceedings in that cause, or a proceeding to which the judgment creditors were properly made parties, would the lien of the judgments be divested.

The action through which plaintiff claims cannot be regarded as a proceeding in that cause, or supplemental thereto, and, the judgment creditors of Mrs. Fore not being parties, their rights are unaffected by that proceeding. It follows that the Court below was in error in holding otherwise.

Respondents have asked that the judgment be sustained on four additional grounds, which are set out in the record. The equity of the plaintiff to injunction is dependent upon its title. This title having failed, the equity failed. The rule, therefore, applicable to law cases must govern, and the additional grounds cannot be considered by this Court. *Marion Lumber Co.* v. *Tilghman Co.,* 79 S. C., 54, 60 S. E., 33; *Alston* v. *Limehouse,* 60 S. C., 570, 39 S. E., 188. For the same reason—failure of equity—the complaint must be dismissed.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the complaint dismissed.

January 24, 1910. PER CURIAM. After careful consideration the Court is unable to discover that any material question of law or fact has been overlooked or disregarded.

It is, therefore, ordered that the petition herein be dismissed and that the order staying remittitur, heretofore granted, be revoked.