The opinion of the Court was delivered by
Colcock, J.
Upon the first ground, there is no rule of law or practice, by which the Court is authorized or permitted to review a decision made, or decree given, in a case under the process jurisdiction, in any other way or manner, than is pursued in cases under its higher jurisdiction.
The rules of Court require the defendant to enter his appearance, and file his defence, on or before the first day of the Court, which, it is admitted, was not done. It is true, that where this is neglected, and the omission is discovered, before the cause is called for trial, the Court, upon proper affidavits, have permitted the defendant to plead, provided he did not thereby delay the plaintiff. But to suffer this, after judgment, and after the rising of the Court, would lead to endless litigation and delay, and be productive of the most mischievous consequences. Where a defendant has in his possession a receipt which he neglected to give in evidence on a trial, the Court will not grant a new trial, or even permit an action to be brought on it afterwards. Grimke v. Wilder, Marriott v. Hampton, 2 Esp. U. P. c. 547. 1 Wils. 98. 2 Johnson’s Cases, 282.
As to the third and fourth grounds, the Court settled the order in which the business would be conducted, and announced to the bar an intention to meet at nine, for the express purpoee of taking up the process docket, and trying the cases thereon, until ten o’clock, and pursued the practice, and adjourned the Court to nine on each day.
The last ground charges, that the decision, by which is meant the decree, was erroneous. The error is not specified, nor was it stated in argument. But it is deemed proper to state, that the case was treated *9031 as *a judgment by default, and such evidence as is usual on those J -J occasions, was produced. And the Court, when they have the power to review proceedings, will never do so, unless the applicant show, by satisfactory affidavits, that he has a good and legal defence, of which he might avail himself, on a second hearing.
The motion is dismissed.
Bay, Wott, Johnson and Huger, JJ., concurred.
1 N. & McC. 259 ; Post. 549.