## SULLIVAN v. SHELL.

1. VACATING JUDGMENT—RES JUDICATA.—If execution is renewed under proper proceedings to that end, after the judgment has been satisfied, the defendant's remedy, if any, would be by motion in the original cause, and not by a new and independent action. And, moreover, as the defence of payment could have been pleaded to the summons to show cause why the execution should not be renewed, but was not so pleaded, the order of renewal is *res judicata.*
2. RELIEF AGAINST JUDGMENT—CODE, § 195.—The defendant entrusted the copy summons to a friend, under instructions to hand it to an attorney, with directions to appear and plead payment, but it was not so delivered to the attorney until the time for answering had expired, and judgment by default was obtained a year afterwards. *Held*, that there was no such mistake, inadvertence, surprise, or excusable neglect as would entitle defendant to relief under section 195 of the Code.
3. ATTORNEYS—NEGLIGENCE.—If negligence could be imputed to the attorney under these circumstances, defendant's relief would be only against the attorneys.

Before HUDSON, J., Laurens, October, 1891.

·In this case Mr. Justice Pope, having been of counsel, did not sit. It was an action by Hewlett Sullivan, continued in the name of J. P. and J. H. Latimer, as his executors, against G. W. Shell, as clerk of court. The opinion states the case.

*Messrs. Featherstone & Son*, for appellant.

*Mr. W. H. Irvine*, contra.

September 3, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. At the sale of the real estate of one M. A. Sullivan, under a bill to marshal the assets of his estate, the original plaintiff, Hewlett Sullivan, bid off a tract of land, and to secure the payment of the purchase money executed his bond and mortgage on the same. This bond remaining unpaid, proceedings to foreclose the mortgage were instituted by the clerk of the court, who had succeeded to the possession of the bond and mortgage, and on the 21st of February, 1877, a judgment was rendered against said Hewlett Sullivan for upwards of four thousand dollars, and for the foreclosure of the mortgage and a sale of the mortgaged premises. No sale, however, was. ever made under this judgment, Hewlett Sullivan claiming to have made sundry payments thereon, sufficient, as he alleged, to satisfy the same, but no satisfaction was ever entered thereon. On the contrary, on the 17th of October, 1883, a summons to renew execution upon said judgment was served upon said Hewlett Sullivan, who handed it to his relative, J. D. Sullivan, with the request that he would deliver it to his attorneys, with instructions to plead payment of the judgment. The copy summons was not, however, delivered to said attorneys until twenty-four or twenty-five days after it had been served, but before the next succeeding term of the court.

No answer or demurrer to said summons, and no notice of appearance was ever given; and on the 2d of December, 1884, ·more than a year after the service of the summons, an order of court was granted renewing said judgment, and granting leave

to the present defendant, who had, in the meantime, succeeded to the office of clerk, to issue execution thereon. Accordingly, on the 12th of December, 1884, execution was issued for the balance claimed to be due, and on the 12th of March, 1885, this execution was levied upon the lands of said Hewlett Sullivan. Whereupon this action was commenced on the 23d of March, 1885, for the purpose of enjoining the enforcement of said execution, and having said judgment cancelled and marked satisfied. The case being at issue was referred to the master, who made his report, recommending that the relief prayed for in the complaint be granted. To this report the defendant filed the several exceptions set out in the "Case," which were sustained by the Circuit Judge, and judgment rendered granting the prayer of the complaint. From this judgment defendant appeals upon the several grounds set out in the record.

Under the view which we take of this case, we do not deem it necessary to consider these grounds *seriatim ;* for it seems to us that the recent case of *Crocker* v. *Allen,* 34 S. C., 452, which has been recognized and affirmed in the still more recent case of *Gillam* v. *Arnold,* 35 S. C., 613, and 14 S. E. Rep., 938, conclusively shows that the plaintiff is not entitled to maintain this action. If he ever had any remedy it should have been sought by a motion in the cause in which the judgment complained of was rendered. But even if he had resorted to that mode of relief we do not see how he could have successfully met the plea of *res adjudicata.* When he was served with the summons to show cause why the judgment should not be revived, and execution issued to enforce the same, he was afforded the opportunity to raise the very same questions which he now seeks to raise by this action ; and this court has repeatedly decided that one who fails to do so when afforded such opportunity, is forever afterwards estopped from doing so. *Jackson* v. *Patrick,* 10 S. C., 197 ; *McNair* v. *Ingraham,* 21 *Id.,* 70 ; *Freer* v. *Tupper,* 21 *Id.,* 75 ; *Crenshaw* v. *Julian,* 26 *Id.,* 283. As we said in the case last cited : "When these defendants were summoned to show cause why the judgment should not be revived and new execution issued, that was the proper time to raise the question of the validity of the judgment, and, though not in fact formally raised,

must necessarily have been then adjudged; for until it was determined there was a valid judgment, of course, there could properly be no order that the plaintiff should have execution thereof." And as was said in *McNair* v. *Ingraham*, and repeated in *Freer* v. *Tupper:* "The defence (payment) could have been made; indeed, the proceeding invited him to make it; and failing to do so, the result must be the same as if he had formally made it and failed." So here we say that the very same grounds upon which plaintiff seeks to sustain this action could, and should, have been presented as defences to the application to renew the judgment, and failing then to make them, the result must be the same as if they had then been urged and overruled.

It seems to be supposed that the plaintiff here was entitled to relief under the provisions of section 195 of the Code of Procedure. But passing by the fact that this does not purport to be a proceeding for relief under that section of the Code, we do not think that the plaintiff has made such a case as is contemplated by that section. We see nothing in the pleadings or the evidence tending even to show that the judgment complained of was taken against him "through his mistake, inadvertence, surprise, or excusable neglect." The fact is undisputed that he was regularly served with the summons, and he was under no mistake as to the necessity for employing counsel, for he appears immediately to have taken steps to do so. The fact that he did not himself deliver the copy summons to his attorneys, but entrusted that duty to another, who, for some reason wholly unexplained, neglected to do so until after the time for answering had expired, shows anything but *excusable* neglect; and when this is complied with, the further fact that it was more than twelve months after the summons was served before the order of renewal was granted, without a tittle of evidence tending to show that, in all that long interval, any effort whatever was made, either by the attorney or the client, to obtain leave to answer, or, in fact, any inquiry was made, or any attention paid to the matter, either by Hewlett Sullivan or his attorney, it would be little else than trifling with justice to hold that such conduct showed anything but the most inexcusable neglect, and most certainly does not show either inadvertence or

3    surprise.   How any mistake or negligence can be attri-
buted to the attorneys of Hewlett Sullivan, we do not see,
for they do not seem to have been spoken to upon the subject
until after the time for answering had expired, and it does not
appear that they were ever furnished with any facts upon which
they could have based an application to the court for leave to
answer after the time had expired.   But even if there was negli-
gence on the part of the attorneys, that would not help the case.
See *Schroder* v. *Eason*, 2 Nott & McC., 291; *Foster* v. *Jones*,
1 McCord, 116; *Vaughn* v. *Hewitt*, 17 S. C., 442.   In such a
case the remedy is against the attorney, and not against the party
who, by the negligence of the attorney, to which he did not con-
tribute, has obtained the judgment.

It does not seem to us that, in any view, this action can be
maintained, and, therefore, we have not deemed it necessary to
go into the question, about which a good deal might be said, as
to whether the judgment was ever, in fact, paid in full.   It does
appear from the calculation submitted by one of the counsel for
the appellant, which we have verified, that even allowing all the
credits claimed, there is still a balance due upon the judgment.

The judgment of this court is, that the judgment of the Cir-
cuit Court be reversed, and that the complaint be dismissed.