17000

J. T. MELTON, Appellant, v. HELEN MAE MELTON, Respondent

(87 S. E. (2d) 485)

*Messrs. Chandler, Eppes & McEachern,* of Greenville, *for Appellant,*

*Messrs. Harris & Harris,* of Anderson, *for Respondent,*

May 11, 1955.

LEGGE, Justice.

Appellant filed a petition in the court of common pleas for Greenville County, alleging in substance: that he and the respondent were lawfully married in 1938, lived together as husband and wife until October, 1948, at which time they entered into an agreement of separation; that they were divorced on January 18, 1950, by decree of a Florida court in which were incorporated all of the terms of the separation agreement; that pursuant to the agreement and the decree he paid to her a "lump sum instalment" and monthly alimony payments of $135.00 each from November, 1948, to January, 1954, when due to financial difficulties he became in arrears to the amount of $270.00, for which amount respondent obtained judgment against him; that he has just now learned that prior to their marriage the respondent had undergone surgical operations that incapacitated her for childbirth; that her concealment of this fact from him constituted a fraud; that had he known it before their marriage he wouldn't have married her; that had he known it in time after the marriage he wouldn't have entered into the separation agreement or instituted the divorce proceeding; and that because of these things he is entitled to a decree annulling the marriage, to judgment against the respondent for a sum equal to the amounts paid to her under the decree, and to an order restraining her from enforcing the judgment against him, and relieving him from further payments pending final determination of the cause, for all of which he prays judgment.

Respondent, appearing specially, moved to change the place of trial to Anderson County upon the ground that that was, and had been for several years, the county of her residence; and the present appeal is from the order granting that motion. The affidavits in support of the motion were not controverted, and fully warranted the finding by the circuit judge that Anderson was the county of respondent's

residence. Appellant appears to concede that issue, for his single exception charges error not in that respect, but upon the ground that "the action or subject of the action was executed in Greenville County, South Carolina, at the termination of their marriage or separation", and, by way of specification of error, submits "that under the statutory law of the State of South Carolina the petitioner brought his petition in the proper court which had jurisdiction as the action should be tried where the subject matter is situated". His brief does not indicate what is intended by the "action or subject of the action" referred to in the exception as having been "executed in Greenville County, South Carolina, at the termination of their marriage or separation"; but we assume that reference is to the agreement of separation, although the transcript of record does not show where it was executed.

Section 10-301 to the 1952 Code, which appellant invokes, reads as follows:

"Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial, in certain cases as provided in § 10-310:

"(1) For the recovery of real property or of an estate or interest therein or for the determination in any form of such right or interest and for injuries to real property;

"(2) For the partition of real property;

"(3) For the foreclosure of a mortgage of real property; and

"(4) For the recovery of personal property distrained for any cause."

Section 10-302, not applicable here, provides that certain causes must be tried in the county where the cause of action arose.

Section 10-303 provides that "in all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action".

It does not appear from the record that a summons was served in the present matter; but we are not to be taken as deciding whether or not an action has been commenced as required by Section 10-401 of the Code, that question not being before us. Considering it as an action commenced, however, it is apparent from the "petition" that it is not for any of the causes enumerated in Section 10-301. The respondent was therefore entitled, under Section 10-303, to have the matter transferred to the county of her residence, as the trial judge properly held.

Affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.