17131

J. T. MELTON, Appellant, v. HELEN MAE MELTON, Respondent
(91 S. E. (2d) 873)

*Clement L. McEachern, Esq.,* of Greenville, *for Appellant,*

*Messrs. Leon W. Harris,* of Anderson, and *Wyche, Burgess & Wyche,* of Greenville, *for Respondent,*

March 13, 1956.

TAYLOR, Justice.

On the 22nd day of April, 1954, Appellant filed his petition, together with a rule to show cause, in the Court of Common Pleas for Greenville County, for the purpose of having declared null and void, on the grounds of fraud and deceit, his marriage contract entered into with Respondent

on August 27, 1938, and to recover such sums as he had previously paid Respondent under a separation agreement entered into in October, 1948. On or about the 20th day of May, 1954, Respondent, through her attorneys, served notice of motion for a change of venue, demurrer to the petition, and motion to vacate the Order to show cause, and return and counterclaim. The motion for a change of venue was heard and granted by the Honorable J. Robert Martin, who ordered the venue changed to Anderson County, the residence of Respondent; and that Order was affirmed by this Court, *Melton v. Melton,* 227 S. C. 183, 87 S. E. (2d) 485.

Thereafter, the case was heard on its merits by the Honorable J. B. Pruitt, Resident Judge of the 10th Circuit, who filed his Decree holding that there was a binding marriage contract, a binding separation agreement between the parties; and that the judgment entered against Appellant on March 24, 1954, in the Greenville County Court directing Appellant to pay the April, 1953, and March, 1954, installments was binding upon Appellant and *res judicata* of the issues sought to be raised in the instant proceedings. However, the Order continues and also decides the merits of the case adversely to Appellant.

By reference to the Decree of the Greenville County Court, we find that it was "Ordered, that the attached copy of contract, as well as the attached copy of Decree in divorce be, and the same are hereby attached and made a part of this Decree, and the judgment of this Court with reference to the payment of One hundred thirty-five ($135.00) dollars per month due Plaintiff by Defendant, and that said payments are due to be paid each and every month, in the amount of one hundred thirty-five ($135.00) dollars. * * *"

We are of the opinion that Judge Pruitt was correct in holding that the matters sought to be adjudicated here are *res judicata.* As heretofore stated, the marriage contract was entered into on August 27, 1938; and Appellant's petition states that he and Respondent were "duly and lawfully mar-

ried" to each other on this date and lived together as husband and wife until the 16th day of October, 1948, on which date the separation agreement was entered into whereby Appellant agreed to pay Respondent a lump sum and the sum of $135.00 per month thereafter so long as she lived or until she remarried. The lump sum payment was to enable Respondent to purchase a house in Anderson, South Carolina, in exchange for the home in Greenville, South Carolina, which the parties occupied prior to their separation. The agreement further provided that no divorce proceeding should be instituted or brought seeking to nullify the separation agreement. Thereafter, Appellant instituted a divorce proceeding in the State of Florida and obtained a Decree of divorce from the Circuit Court of the 10th Judicial Circuit on January 18, 1950; Respondent entered her appearance in the proceeding. The resulting Decree incorporated the contents of the separation agreement with reference to the monthly payments and a transcript of these proceedings was introduced into evidence.

Appellant continued to make the monthly payments up to March, 1954, with the exception of one payment for the month of April, 1953. Respondent then brought an action in the County Court for Greenvile County, South Carolina, seeking judgment against Petitioner in the amount of $270-.00 for the April, 1953, and March, 1954, unpaid installments. Appellant failed to file answer or make appearance; and on March 24, 1954, judgment was entered against petitioner for the amount sought. Attached to the Decree of the Court was a copy of the separation agreement as well as that of the divorce Decree. Such were made a part of the Decree, and Appellant was ordered in and by said Decree to pay Respondent the sum of $135.00 per month in accordance with the separation agreement and the divorce Decree. Said judgment was duly entered in Judgment Roll F-8780, Office of the Clerk of Court for Greenville County, South Carolina, and a transcript was made and appears as Judgment Roll 21778 in the Office of the Clerk of Court for Anderson

County. The latter judgment was introduced in evidence and is part of the record of this case; and it is this judgment Appellant refers to in his petition, wherein he seeks:

a. An annulment of the marriage;

b. Relief from the judgment obtained against him on March 24, 1954, in the County Court for Greenville County, South Carolina, based on the separation agreement;

c. Judgment against Respondent for sums paid her, amounting to $20,505.00; and

d. For such other and further relief as the Court may deem just and proper.

The return and counterclaim set up the judgment of the Greenville County Court, dated March 24, 1954, and alleged petitioner's failure to comply with the Orders of the Court and asked that he be held in contempt of Court for refusing to obey "the Orders of the Court."

Appellant testified that he learned in November, 1953, from a hearsay source in Anderson, South Carolina, and from a similar source in Greenville about six weeks later, that prior to their marriage Respondent had undergone an operation for appendicitis; and because of the presence of peritonitis, it became necessary to remove some of Respondent's reproductive organs rendering her incapable of procreating and that Respondent had concealed this from him. Appellant's position is that such concealment amounts to fraud, and he is entitled to have the marriage contract declared null and void and to recover such sums as he has paid her since their separation. However, the surgeon who performed the operation testified that he had never told Respondent this, and she testified that she had no such knowledge until she heard the surgeon's testimony. The record is clear that when suit was instituted for the April, 1953, and March, 1954, installments, he knew of these things which he now asserts constitute fraud and knew that the claimed right to these installments was based upon the separation agreement of 1948, and the Florida divorce of 1950, which

in turn were predicated upon the marriage contract of August 17, 1938; yet he did not so plead but permitted Judgment to be entered against him by way of default and paid such payments as were in arrears.

The rule that a judgment, whether in favor of the plaintiff or of the defendant, is conclusive in a subsequent action between the parties upon the issues actually litigated in the first action is applicable not only to judgments for the payment of money, but also to judgments in actions other than for the payment of money. It is applicable, for example, to equitable Decrees directing the specific performance of a contract or denying specific performance. The rule that where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action. See Restatement of The Law of Judgments, Page 180, Section 46C.

In the recent case of *Antrum v. Hartsville Production Credit Association,* 228 S. C. 201, 89 S. E. (2d) 376, 379, this Court stated:

"The doctrine of *res judicata* is a fundamental rule of our jurisprudence and has been so often expounded that no extended discussion of it is necessary here. It rests upon the sound principle of public policy that after final decision of a controversy by a court of competent jurisdiction the party against whom the decision was rendered, and those in privity with him, should not be permitted again to litigate, against the successful party or those in privity with him, the issues that were there decided. 30 Am. Jur., Judgments, Sections 161, 165. While the doctrine has been generally said to bar relitigation not only of issues actually decided in the former proceeding, but also of such issues as could have been there presented for decision, the application of the defensive bar to the latter rests, strictly speaking, upon the doctrine of estoppel rather than that of *res judicata. Cf. Watson v.*

*Goldsmith,* 205 S. C. 215, 31 S. E. (2d) 317; *First National Bank v. United States Fidelity & Guaranty Co.,* 207 S. C. 15, 35 S. E. (2d) 47, 162 A. L. R. 1003.

" 'Before the defense of *res judicata* is made good, the following elements must be shown: (1) The parties must be the same or their privies; (2) The subject matter must be the same; and (3) While generally the precise point must be ruled, yet where the parties are the same or are in privity the judgment is an absolute bar not only of what was decided but of what might have been decided.' *Bagwell v. Hinton,* 205 S. C. 377, 32 S. E. (2d) 147, 156. See also *Dunlap v. Travelers Ins. Co.,* 223 S. C. 150, 74 S. E. (2d) 828."

After approximately sixteen years of marriage, after a separation agreement and settlement, after obtaining a divorce incorporating such agreement in the Decree and, after judgment is had against Appellant ordering the conditions of such agreement and the divorce Decree complied with, all of which were made a part of the record, Appellant now contends that sometime prior to the judgment of the Greenville County Court, which was perforce based upon the marriage contract, he learned of these conditions, which he now complains of; that such amounts to fraud and he should be permitted to now maintain this action and be relieved from the consequences of the judgment although he did not see fit to so assert when the matter was before the Greenville County Court, resulting in the entering of the judgment. The parties are the same, the subject matter the same, and Appellant had the opportunity to assert his contention before the Court but chose not to do so. The matters sought to be herein presented have been conclusively determined and the principles set forth in *Antrum v. Hartsville Production Credit Association, supra,* bar further litigation thereabout.

We are, therefore, of the opinion that all exceptions should be dismissed, and it is so ordered.

Affirmed.

STUKES, C. J., and OXNER and LEGGE, JJ., and T. B. GRENEKER, Acting Associate Justice, concur.