**Wallace H. BUTLER and Shirley R. Butler, Respondents,**

**v.**

**Raymond C. MANLEY and Trula L. Manley, Appellants.**

**No. 24659.**

Kansas City Court of Appeals.

Missouri.

June 5, 1967.

Martin Anderson, Kansas City, for appellants.

Bancroft M. Tapp, Ennis, Browne & Martin, Kansas City, for respondents.

BLAIR, Judge.

This is an action for unlawful detainer originally brought in the magistrate court where judgment was rendered for the plaintiffs, Wallace H. Butler and Shirley R. Butler, and against the defendants, Raymond C. Manley and Trula L. Manley. The defendants appealed to the circuit court where a summary judgment was rendered for plaintiffs on their petition for possession of the premises involved and against the defendants on their counterclaim. The question of the value of monthly rents, profits and damages was left for trial. Subsequently this question was tried by the court and it was adjudged that the plaintiffs were entitled to the sum of $2,550.00. On this appeal there is no question about this last portion of the judgment except it is argued that plaintiffs were not entitled to a summary judgment for possession of the premises involved and therefore not entitled to any sum for monthly rents, profits and damages. The defendants appeal to this court on the ground that "there were controlling material facts in dispute to preclude the entry of summary judgment" in favor of plaintiffs for possession of the premises and against defendants on their counterclaim.

A disposition of this appeal requires consideration of a former action between these same parties. In September, 1961, the defendants in this action purchased the real estate involved and conveyed it by deed of trust to Wilbur B. Ennis, as trustee for Ray Simley & Co., Inc., to secure the payment of a note for $16,800.00 payable to Ray Simley & Co., Inc., at the rate of $110.83 per month. On September 29, 1965, Ray Simley, acting for Ray Simley & Co., Inc., advised Wilbur B. Ennis, the trustee, that the note secured by the deed of trust was in default and directed him to sell the real estate according to the terms of the deed. It was sold at public auction and purchased by Wallace H. Butler and Shirley R. Butler, the plaintiffs in this action.

Thereafter Raymond C. Manley and Trula Manley, the makers of the note and grantors in the deed of trust, and defendants here, brought suit in the circuit court of Jackson County naming Ray Simley & Co., Inc., Ray Simley, as an individual, Wilbur Ennis, the trustee, and Wallace H. Butler and Shirley Butler, the purchasers, as defendants and alleging that they had all wrongfully, fraudulently and maliciously conspired together to cheat and defraud the plaintiffs by foreclosing the deed of trust and selling the real estate, although all payments due on the note had been paid when due and there was no default, and that defendants, pursuant to this conspiracy, caused the deed of trust to be foreclosed and the property to be sold to Wallace H. Butler and Shirley Butler, thereby wrongfully, fraudulently and maliciously depriving the plaintiffs of their equity in the real estate. They alleged that the value of their equity was $7,500.-00. They prayed for judgment for $7,500.-00 actual damages and $15,000.00 punitive damages. The circuit court granted a summary judgment against the plaintiffs and for all the defendants. No appeal was taken from that judgment and it had become final at the time the present suit for unlawful detainer was litigated.

In the case before us the petition for unlawful detainer was in the conventional form and it stands unquestioned. The defendants filed an answer and a counterclaim. There is no need to recite the details of these pleadings for there is no dispute about what they embrace. The answer embraced the identical allegations pleaded in the conspiracy suit which these defendants lost, and nothing more. The counterclaim embraced the identical allegations pleaded in the conspiracy suit, and nothing more, and prayed for $7,500.00 damages. All of the proceedings in the conspiracy suit were before the trial court in this action and there was no challenge that the summary judgment rendered for these plaintiffs and against these defendants was invalid for any reason. There is none here.

■ The only question that the defendants say was in dispute in this action and which precluded a summary judgment was whether they were in default under the deed of trust according to its terms. The obvious answer is that question was finally settled against them in the conspiracy suit. We are not concerned with whether the issues were decided rightly or wrongly in the conspiracy suit. What does concern us is that those issues were decided and put at rest by a final judgment and they cannot be relitigated in this suit. "It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subseqent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief." 30A, Am.Jur., Judgments, Sec. 371, p. 411, quoted with approval in Norwood v. Norwood, 353 Mo. 548, 183 S.W.2d 118, 122–123, McIntosh v. Foulke, 360 Mo. 481, 228 S.W.2d 757, 761 and Kansas City v. Martin, Mo.App., 391 S.W.2d 608, 614. See also: 17A Mo.Digest, Judgment, ☞713 (2).

■ Consequently, there was no genuine issue as to any material fact for all of the issues raised by the answer and counterclaim in this action had been previously and finally adjudged in the conspiracy suit. The trial court had no alternative but to grant the summary judgment for plaintiffs for possession of the premises and against

defendants on their counterclaim on the ground that the proceedings and judgment in the conspiracy suit constituted unassailable proof that plaintiffs were entitled to such judgment as a matter of law. Civil Rule 74.04, V.A.M.R.; Ware v. St. Louis Car Company, Mo.App., 384 S.W.2d 287, 290.

Viewing the cause in this light, we see no reason to analyze the other grounds that plaintiffs put forward as validating this judgment. This judgment is completely valid for the reasons we have advanced. There is nothing in the authorities adduced by the defendants which would warrant any different conclusion. The appeal is without merit and the judgment must be affirmed.

It is so ordered.

All concur.