**Charles Phillip MARTIN, Jr., Appellant,**

v.

**Magnolia MARTIN (Brooks),
Respondent.**

No. 38525.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 20, 1977.

Motion for Rehearing and/or Transfer
Denied Feb. 14, 1978.

Application to Transfer Denied
March 13, 1978.

Earnest L. Keathley, Jr., St. Louis, for appellant.

Kero Spiroff, St. Louis, for respondent.

CLEMENS, Presiding Judge.

By a suit in equity plaintiff Charles Martin sues to set aside the paternity portion of defendant's 1971 divorce decree. He now contends his wife then fraudulently stated he was the father of her child. The present case is plaintiff's second challenge to that part of the divorce decree and this raises in an issue of *res judicata*. This, because: "When a fact has been directly tried and settled by a court of competent jurisdiction, it cannot be contested again between the same parties or their privies, in the same or any other court." *In Re McMenamy's Guardianship*, 307 Mo. 98, 270 S.W. 662[4–5] (1925).

Plaintiff's earlier challenge was by a writ of error *coram nobis*, four years after the 1971 decree. In the original divorce case the husband filed answer but offered no evidence and the trial court awarded a child-support allowance. In 1975 plaintiff challenged that allowance by *coram nobis*, contending his wife had perpetrated a fraud upon the court by asserting his paternity. Relief was denied and on appeal we affirmed, holding "*coram nobis* can be granted only for *extrinsic* fraud leading to *procurement* of a judgment, and cannot be granted for *intrinsic* fraud touching the *merits* of the action." See *Martin v. Martin*, 549 S.W.2d 542[1] (Mo.App.1977).

Plaintiff now appeals from the dismissal of his suit in equity. He alleges the same ground—that he is not the father of the child; he asks for the same relief—that he be relieved of the obligation to pay child support. The issue raised in each case is identical—whether extrinsic fraud had been practiced upon the court.

The dismissal of plaintiff's equity suit must be affirmed. The principle of *res judicata* " . . . significantly mandates that a former judgment shall be a bar to the subsequent maintenance of an action involving the same 'material facts or questions' . . . ." *Varnal v. Kansas City*, 481 S.W.2d 575[4, 5] (Mo.App.1972). In *Butler v. Manley*, 416 S.W.2d 680[1, 2] (Mo.App.1967), we held: "It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, *regardless of the form the issue may take in the subsequent action* . . . . " (Our emphasis).

Here, as in *Butler*, the issue now raised has been previously resolved. Plaintiff may not now avoid the principle of *res judicata* by changing the form of his proceeding from *coram nobis* to a separate suit in equity.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.