George O. FAUVERGUE and Earleen Fauvergue, Plaintiffs-Respondents,

v.

Loyat GARRETT and Julian Garrett, her husband, Defendants-Appellants.

No. 11137.

Missouri Court of Appeals,
Southern District,
Division Four.

March 12, 1980.

Motion for Rehearing and Transfer Denied April 4, 1980.

Application to Transfer Denied May 13, 1980.

Henry Warten, Warten & Fisher, Joplin, for plaintiffs-respondents.

Loyat Garrett and Julian Garrett, Webb City, pro se.

PER CURIAM:

Defendants-appellants appeal from a summary judgment granting to plaintiffs-respondents the relief requested in their petition in ejectment and decreeing that the respondents recover the possession of certain real property from appellants.

Respondents are purchasers at a sheriff's sale held following a judgment providing for judicial foreclosure of a deed of trust. Appellants were in possession of the premises and appellant Loyat Garrett had record title to the property prior to the sheriff's sale. Appellants have four allegations of error. Points I, II and IV all question the judgment and execution under which the sheriff's sale was held. This is appellants' third appeal to this court pertaining to the judgment of foreclosure. Following the judgment, appellants appealed; the appeal was not perfected and was dismissed. After the sheriff's sale, appellants filed a motion to set the sale aside. The motion was overruled and they appealed. We determined that the judgment was valid, and affirmed the order overruling appellants' motion to set aside the sale. *McAllister v. Garrett*, 591 S.W.2d 31 (Mo.App.1979).

Appellants' present contentions under Points I, II, and IV were determined against them in that prior action and cannot be raised here again. *Butler v. Manley*, 416 S.W.2d 680, 682 (Mo.App.1967). In *Butler*, the appellate court determined that the trial court properly granted summary judgment for possession in an unlawful detainer action where default under a deed of trust had been determined in a prior suit. The summary judgment here was proper as all contentions of appellants had previously been ruled against them. Points I, II, and IV are denied.

Appellants' Point III claims that the circuit judge erred in refusing to make findings of fact or conclusions of law "although findings that the defendant is in possession and the plaintiff is entitled to possession are mandatory, statutory requirements in ejectment cases". Respondents' petition alleged that appellants were in possession of the real estate and appellants' answer admitted possession. There is no reason for a court to make a finding regarding admitted facts. There were no disputed facts before the trial judge and thus no reason to make any findings. Moreover, findings of fact are not appropriate where summary judgment is proper. If there are material disputed facts, summary judgment should not be rendered. *Kohn v. Cohn*, 567 S.W.2d 441, 443 (Mo.App.1978). Summary judgment is a determination as a matter of law that there is no fact issue to be tried. *Swink v. Swink*, 367 S.W.2d 575,

578 (Mo.1963). Rule 73.01, V.A.M.R., providing for findings of fact and conclusions of law, pertains to trials. There is no trial on a motion for summary judgment nor fact finding function of the court. Rule 74.04, V.A.M.R. Findings of fact and conclusions of law are not necessary or proper on the granting of a motion for summary judgment. 49 C.J.S. Judgments § 227, p. 432. Point III is ruled against appellants.

Respondents' motion to dismiss the appeal which was taken with the case is overruled. Appellants' motion for judgment on the record is overruled.

The summary judgment is affirmed.

All concur.