## 0079

Ex parte Elvis COX.

In re MASSEY FERGUSON CREDIT CORPORATION, Respondent, v. Elvis COX, a/k/a Quincey Elvis Cox, Joe D. King, Palmetto Petroleum Co., Inc., Lloyd H. Hardee, Planter's Warehouse Farm Supply, Paul Norris, The National Bank of South Carolina, C. C. Smith, Jimmy Butler, Massey Ferguson Credit Corporation, Ford Motor Credit Co., Swift Agricultural Chemicals, Matilda Russ, Conway Feed and Grain Co., Inc., Liston Hardee, J. W. Strickland, Ruby S. Graham, Federal Land Bank, H. L. King, Harry McDowell, The Farmers Home Administration, Jimmy Ray Cox, Kenneth D. Conner, Dave Mincey, Gerald Hyatt, Benjamin Fowler, and Rodney Holmes, of whom Elvis Cox, a/k/a Quincey Elvis Cox is the Appellant, with the remainder being Respondents.

Appeal of Elvis COX, a/k/a Quincey Elvis Cox.

(313 S. E. (2d) 320)

Court of Appeals

*Irby E. Walker* and *Richard N. Booth,* Conway, *for appellant.*

*Carroll D. Padgett, Jr., William V. Josephs, Jr., James P. Stevens, Jr., John H. Jackson,* Loris, *Edward Whittington,* Mullins, *John Bacot,* Surfside Beach, *Lewis S. Horton,* Charleston, *H. E. McCaskill,* Conway, *James C. Pike,* N. Myrtle Beach, *for respondents.*

*Jack L. Strickland* and *Ruby S. Graham* and *Farmers Home Administration, pro se.*

Submitted Nov. 10, 1983.

Decided Feb. 17, 1984.

BELL, Judge:

This is an action by Elvis Cox to set aside master's deeds to eight tracts of land sold in execution of judgments in favor of the respondent Massey Ferguson. The master's sale was confirmed by a prior order of the circuit court from which Cox took no appeal. The circuit court in the order now appealed from held that Cox was barred by the doctrine of res judicata from contesting the validity of the sale. We affirm.

In September, 1979, Massey Ferguson obtained judgments against Cox for debts totalling over $29,000.00. After Cox failed to satisfy the judgments, Massey Ferguson proceeded to enforce them by execution. When the writs were returned nulla bona, Massey Ferguson instituted supplemental proceedings, as a result of which the eight tracts of land in question were identified as property of Cox. Massey Ferguson then petitioned the circuit court for an order establishing the priorities of all judgments and other liens against Cox and authorizing the sheriff to sell the property and apply the proceeds to satisfaction of the liens. Cox was duly served with the summons and petition, but did not file a return, answer, or

other responsive pleading. The other respondents on this appeal were also joined as parties for the purpose of establishing the priority of their liens.

The circuit court referred the matter to the master in equity, who heard evidence and issued his report finding Cox in default, listing Cox's creditors, and recommending sale of the property. Cox filed no exceptions to the master's report. In August, 1980, the circuit court adopted the master's report and issued its decree ordering the master to conduct a sale of the property.

On September 2, 1980, the master held the sale. All eight tracts were bid in by a single buyer at a price of $139,839.66 plus assumption of outstanding mortgages totalling approximately $150,000.00. The bidding was closed on the day of sale. Neither Cox nor anyone acting on his behalf participated in the sale.

From the proceeds of sale the master paid and satisfied the judgments and liens of record and returned a balance of $7,206.16 to Cox. After delivering deeds to the property, the master issued his report of sale. Cox filed no exceptions to the report, which was duly confirmed by order of the circuit court. Cox did not appeal from the order of confirmation.

In October, 1980, after the time for appeal had expired, Cox instituted this separate action by rule to show cause and petition. The petition sought an order of court setting aside the master's deeds, and authorizing a new sale of the property or a reopening of the bidding for thirty days. The grounds for the petition were (1) that the master failed to hold open the bidding for thirty days after sale, as required by Code § 15-39-720; and (2) that the manner in which the sale was conducted chilled the bidding, resulting in a sales price so grossly inadequate as to shock the conscience.

The circuit court properly held that Cox's claims are barred by the doctrine of res judicata. Assuming there were defects and irregularities in the sale, as Cox alleges, it is too late to raise them now that the sale has been judicially confirmed. The order of confirmation gives the sale judicial sanction. Once entered, it relates back to the time of sale and cures all defects and irregularities except those founded on lack of jurisdiction or fraud. *Connor v. McCoy*, 83 S. C. 165, 65 S. E. 257 (1909). Cox could have raised his claims

in the confirmation proceedings. Having failed to except to the master's report of sale or otherwise move to protect his interest during the original action, Cox cannot belatedly launch a collateral attack on the order of confirmation. *Id.* That order is res judicata as to all issues Cox could have raised in the former proceeding. *Pope v. Frazee,* 5 S. C. 269 (1873); *Kibler v. McIlwain,* 16 S. C. 550 (1881); *McNair v. Ingraham,* 21 S. C. 70 (1883); *Freer v. Tupper,* 21 S. C. 75 (1883); *LeConte v. Irwin,* 23 S. C. 106 (1884); *Sullivan v. Shell,* 36 S. C. 578, 15 S. E. 722 (1892).

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.