0438

Connie Edens ARNOLD, Respondent, v. Robert Gary ARNOLD, Appellant.
(328 S. E. (2d) 924)

Court of Appeals

*Joseph S. Mendelsohn,* and *Robert N. Rosen,* of *Rosen, Oberman & Rosen,* Charleston, *for appellant.*

*George J. Morris,* of *Morris, Duffy & Boone,* Charleston, *for respondent.*

Heard Jan. 28, 1985.

Decided April 15, 1985.

CURETON, Judge:

In this divorce proceeding, the husband, appellant Robert Gary Arnold, appeals from an order of the family court that granted the wife, respondent Connie Edens Arnold, summary judgment on the issue of the paternity of a child born during the marriage of the parties. We reverse and remand.

Husband and wife were married on October 13, 1972. Some seven months later, the wife gave birth to a daughter, Tressy Lee Arnold. The parties separated in early 1981. In March 1981 the wife sued the husband for a divorce, custody of Tressy, support for Tressy and other relief. By order dated April 3, 1981, the wife was awarded temporary custody of Tressy and the husband was ordered to pay tempo-

rary child support. Thereafter, the parties reached an agreement regarding custody, support and other matters and submitted their agreement to the family court which approved it on October 2, 1981. The order approving the agreement provided for merger of the order into any future divorce decree. Neither of these orders was apppealed. The divorce proceeding was dismissed at that time by consent of the parties.

In February of 1982, the wife filed a petition in which she again sought a divorce and requested incorporation of the October order into the divorce decree. The husband answered, denied that he was the father of Tressy and by counterclaim asked that the October 2, 1981, order be vacated based on the wife's oral and written misrepresentations both before and during the marriage that he was the natural father of Tressy.[1] The wife moved for summary judgment on the counterclaim asserting that the issue raised by the counterclaim was barred by *res judicata* and/or collateral estoppel based on the October 2, 1981 order. The trial judge agreed and dismissed the counterclaim. The husband now appeals contending that the trial judge committed error in precluding him from proving that he was not the father of Tressy because the wife's misrepresentation constituted fraud on the court.

We note first that while the husband argued at oral argument that the family court had no authority to grant a motion for summary judgment, this objection was not made to the family court judge, nor was it made a basis of an exception, nor argued by the husband in his brief. We therefore hold that the husband waived his right to object to the form of the dismissal of his counterclaim since the error alleged is not jurisdictional in nature. *See, Murphy v. Hagan*, 275 S. C. 334, 271 S. E. (2d) 311 (1980) (failure to present an issue to the trial court precludes its consideration on appeal); *Diamond v. Powell*, 271 S. C. 183, 246 S. E. (2d) 233 (1978) (failure to argue an exception in a brief amounts to an abandonment of the exception); *Odom v. County of Florence*, 258 S. C. 480, 189 S. E. (2d) 293 (1972) (In the

---

[1] A sperm analysis performed in December 1982 indicated the husband was infertile.

absence of a proper exception there is nothing for an appellate court to review).

We next consider whether summary judgment was available on the evidence before the family court.

Summary judgment is reserved for those situations where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Powell v. Bonitz Insulation Co.*, 273 S. C. 98, 254 S. E. (2d) 311 (1979); Circuit Court Rule 44. We find that summary judgment under the facts of this case was inappropriate since the doctrines of *res judicata* and collateral estoppel do not bar collateral attack of a judgment based on fraud.

The leading case discussing the application of the doctrine of *res judicata* as it relates to an action to vitiate a decree obtained by fraud is *Sea Land Services, Inc. v. Gaudet*, 414 U. S. 573, 94 S. Ct. 806, 39 L. Ed. (2d) 9 (1974). There the United States Supreme Court defined the doctrine of *res judicata* as follows:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . . . The judgment put an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, *absent fraud* or some other factor invalidating the judgment.

414 U. S. at 578-579, 94 S. Ct. at 811-12 (emphasis added); *accord, Wold v. Funderburg*, 250 S. C. 205, 157 S. E. (2d) 180 (1967); *see also, Lowe v. Clayton*, 264 S. C. 75, 212 S. E. (2d) 582 (1975).

In the instant case the trial court determined that there was no genuine question of fact pertaining to the husband's opportunities to have litigated the question of paternity in the prior action and thus he was estopped to contest paternity at this time. The trial court made no determination whether there existed a genuine issue of fact regarding the fraud surrounding the rendition of the October order. This

was error as *res judicata* would not preclude a vacation of the order if it was otherwise vitiated by the requisite fraud.[2]

Likewise, the application by the trial judge of the doctrine of collateral estoppel to bar the husband's paternity claim is inappropriate. Unlike *res judicata*, collateral estoppel requires an issue to have actually been determined to preclude its subsequent relitigation. *Lowe v. Clayton, supra.* Here, there is no contention that the parties actually litigated the question of paternity in the prior suit.

We therefore hold that the trial judge's entry of summary judgment and dismissal of the husband's counterclaim was reversible error and remand the case to the family court for further proceedings consistent with this order. We do not intimate that on remand the trial judge may not find as a matter of law that the wife is entitled to a dismissal of the husband's counterclaim because of a lack of a factual issue regarding the adequacy of the husband's fraud claim.

Reversed and remanded.

SHAW, J., concurs.

GOOLSBY, J., concurs and dissents.

GOOLSBY, Judge (concurring and dissenting):

I concur in the majority's opinion to the extent it holds that the appellant Robert Gary Arnold waived his right to object to the method by which the family court dismissed his counterclaim to the respondent Connie Edens Arnold's petition for divorce. I do not agree, however, with the majority's conclusion that the entry of summary judgment in favor of Mrs. Arnold was inappropriate. Unlike the majority, I do not feel a genuine issue of material fact exists regarding the paternity issue Mr. Arnold seeks to litigate in his counterclaim. I therefore respectfully dissent.

---

[2] We point out that the husband's counterclaim appears to be deficient in that it does not allege the requisite type of fraud to support a vacation of the October order. However, the wife has not attacked the husband's pleadings based on such deficiency. Her motion for summary judgment was based only upon the contention that collateral estoppel and *res judicata* barred this action. Moreover, a motion for summary judgment should not be granted due to insufficiency of the pleadings where the insufficiency can be remedied by service of a supplemental complaint. 73 Am. Jur. (2d) *Summary Judgment* Section 29 (1974).

According to the allegations of the petition, Mrs. Arnold previously secured an order requiring, among other things, Mr. Arnold to support Tressy Lee Arnold, a child born during the Arnolds' marriage. In addition to a divorce, Mrs. Arnold's petition seeks the incorporation and merger of the prior order in any final order issued by the court.

Mr. Arnold's counterclaim collaterally attacks the prior order, which is dated October 2, 1981, and asks the court to set it aside on the basis of fraud. He now wants to contest the issue of whether he is Tressy's father.

Mrs. Arnold based her motion for summary judgment, as I read it, on the verified pleadings. Neither party filed any affidavits, depositions, or admissions in support of or in opposition to the summary judgment motion.

Although I agree with the majority that fraud may provide a basis for a collateral attack on a judgment [*Ex parte Cox*, 280 S. C. 450, 313 S. E. (2d) 320 (App. 1984], the fraud must be "extrinsic" and not "intrinsic." *See Wold v. Funderburg*, 250 S. C. 205, 157 S. E. (2d) 180 (1967). "Extrinsic fraud" is fraud preventing one from having a real contest of the suit based on conduct or activities outside of the court proceedings themselves." *Colodny v. Dominion Mortgage and Realty Trust*, 142 Ga. App. 730, 236 S. E. (2d) 917 at 918 (1977). The term also "means some intentional act or conduct by which the prevailing party has prevented the unsuccessful party from having a fair submission of the controversy." *Bates v. Bates*, 1 Ariz. App. 165, 440 P. (2d) 593 at 597 (1965).

Mr. Arnold's counterclaim, however, nowhere alleges any fact that would establish, if proved, the existence of extrinsic fraud. The counterclaim simply alleges that Mrs. Arnold on February 25, 1981, which was some seven months prior to the date of the order in the former action, wrote him a letter in which she stated that another man fathered Tressy; that he elected not to make an issue of Tressy's paternity because he believed Mrs. Arnold's statement was "made out of anger and in an attempt to sever his ties with his daughter"; and that he learned in November, 1981, after undergoing "specialized testing," he was sterile and incapable of fathering a child.

Since Mr. Arnold cannot show extrinsic fraud, the verified

pleadings, as I read them, establish Mrs. Arnold's entitlement to summary judgment on the basis of *res judicata.*

Mrs. Arnold attached to and made a part of her petition the order entered by the Family Court of the Ninth Judicial Circuit on October 2, 1981 in Case No. 81-10-0695, a case involving an action in which Mr. and Mrs. Arnold contested issues relating to property and child support. Mr. Arnold expressly admitted the paragraph attaching and incorporating the order.

One paragraph of the order refers to the child, whose paternity he now disputes, as the "minor child *of* the parties." [Emphasis mine.] The order also gives Mr. Arnold reasonable visiting privileges, directs him to maintain an insurance policy on his life with Tressy as his named beneficiary, and as I noted previously, requires him to pay $300 per month for Tressy's support. Because the issues of child support and paternity go hand in hand, Mr. Arnold's duty to support Tressy necessarily depended upon whether he was her parent. *See Peebles v. Disher,* 279 S. C. 611, 310 S. E. (2d) 823 (App. 1983). Mr. Arnold, therefore, had the opportunity to dispute the paternity issue in the prior claim.

Because Mr. Arnold clearly had, as the verified pleadings show, the opportunity in prior action to contest the paternity issue and chose not to do so, the family court, in my opinion, properly determined that principles of *res judicata* barred him from litigating issues in the instant action. *See Melton v. Melton,* 229 S. C. 85, 91 S. E. (2d) 873 (1956); *see also Brown v. Superior Court,* 98 Cal. App. (3d) 633, 159 Cal. Rptr. 604 (1979); *Martin v. Martin,* 561 S.W. (2d) 396 (Mo. App. 1977).

I would affirm.