CENTERRE BANK NATIONAL ASSOC., Plaintiff-Respondent,

v.

SOUTHERN IRON & SUPPLY, INC., Melvin Kweskin, Edward Kweskin and PIP Realty Co., Defendants-Appellants.

No. 49701.

Missouri Court of Appeals, Eastern District, Division Six.

Sept. 3, 1985.

Merle L. Silverstein, Clayton, for defendants-appellants.

Carl Jay Spector, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

This appeal arises from the trial court's order of summary judgment in favor of plaintiff, Centerre Bank National Association (Bank), in its suit to enforce notes and guarantees against defendants, Southern Iron & Supply, Inc., PIP Realty Co., Melvin D. Kweskin and Edward F. Kweskin. Defendant Melvin D. Kweskin alone appeals asserting his affirmative defense of mental incompetence should have precluded summary judgment on two of three counts.

On August 15, 1983, Bank filed suit against defendants. An amended six count petition was filed on February 16, 1984, seeking recovery for damages under certain demand notes and guarantees. Defendant Melvin D. Kweskin's alleged liability on the notes is as a guarantor [Count II: (October 28, 1982, December 27, 1982 Notes)]; [Count V: (May 25, 1983 Note)] and as a joint venturer [Count VI: (July 17, 1981 Note)]. On March 5, 1984, defendants filed a joint answer denying plaintiff's allegations of liability. On March 29, 1984, plaintiff served requests for admissions of fact and of genuineness of documents on the defendants. On May 7, 1984, defendants each filed responses to the requests and admitted the execution and existence of the notes and guarantees, but denied the amounts owed.

On October 10, 1984, Bank filed its motion for summary judgment and alleged defendants' responses to plaintiff's requests for admissions of fact and of genuineness of documents "admit all matters necessary to Centerre's recovery under each Count contained in Centerre's First Amended Petition, except for the amounts due and owing to Centerre under the October 28 Note [Count I], the December 27 Note [Count I], the Kweskin Note [Count III, Edward F. Kweskin], and the PIP Note [Count VI]." Bank submitted, with its summary judgment motion, affidavits of a commercial banking officer of Bank which established the amounts due under the subject notes.

On December 14, 1984, defendant Melvin D. Kweskin filed an amended answer adding the affirmative defense of mental incapacity and mental incompetence. He pled that "when the various Notes and Guarantees in question were signed, Melvin D. Kweskin was mentally incapacitated and mentally incompetent, and did not understand the nature and consequences of his acts nor the character of the transaction in question, nor did said Defendant understand the obligations and duties which he was undertaking."

The record must be scrutinized in the light most favorable to the party against whom filed and summary judgment rendered, and we must accord that party the benefit of every doubt. Since summary judgment is a drastic remedy, it is inappropriate unless the prevailing party has shown by unassailable proof, from which no genuine issue of material fact or any controlling issue exists, that as a matter of law, judgment should be entered in his favor. Rule 74.04; *First National Bank of St. Charles v. Chemical Products, Inc.*, 637 S.W.2d 373, 375 (Mo.App.1982). No findings of fact would be appropriate, for where summary judgment is proper there can be no material disputed fact. *Fauvergue v. Garrett*, 597 S.W.2d 252, 253 (Mo.App.1980). Instead, the facts must be gleaned from the pleadings, affidavits, and exhibits. *Snowden v. Northwest Missouri State University*, 624 S.W.2d 161, 163 (Mo.App.1981).

Defendant Melvin D. Kweskin contends his affirmative defense of mental incompetency and incapacity, supported by his affi-

davit, should have precluded summary judgment. Bank argues that summary judgment is proper because defendant's affidavit in opposition to the motion was legally insufficient and did not maintain a genuine issue as to any material fact. Even if defendant's affidavit was legally sufficient, Bank asserts defendant is not entitled to a consideration of the defense because he must, but did not, tender back the borrowed money when asserting the defense.

■ We find that defendant's affidavit was legally sufficient to preclude summary judgment on Counts II and V which rely on guarantee for recovery.

Rule 74.04(e) requires that:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissable in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Bank contends defendant failed to meet the three part test as required by Rule 74.04(e). First, as to the question of defendant's personal knowledge of the facts set forth in his affidavit, Bank avers that because of defendant's alleged incapacity he could not have been in a position to observe and comprehend his own behavior and therefore could not testify as to his own mental incapacity. This averment has no merit. Defendant stated he "signed many papers and documents for Plaintiff, and in fact signed anything and everything that plaintiff requested without the slightest knowledge or awareness of the purpose or meaning of such documents." Defendant's awareness at the time the acts occurred is not conclusive as to his present personal knowledge to state that he has no recollection of his former acts. On the record before us we find defendant's affidavit was made on personal knowledge as to his present recollection of a past condition. Second, Bank argues defendant's affidavit fails to state facts in opposition to Bank's summary judgment motion but sets forth only the bare legal conclusion that he was mentally incompetent. The affidavit, however, states specifically that defendant's incompetency was a result of the influence of narcotic drugs and defendant's addiction thereto, during relevant times defendant was totally dependent on the narcotic drugs, hospitalized, and under the treatment of various physicians, a psychiatrist and a psychologist. These are clearly facts which are not only material to defendant's mental incompetency, but would also be admissible in evidence as support thereof. Third, there is nothing in the affidavit that discloses defendant is not competent to testify as to the matters stated therein and Bank has failed to demonstrate otherwise. Although other witnesses may become necessary, lay or expert, to meet the burden of proof at a trial, the minimum requirements of Rule 74.04(e) have been met. We, therefore, find defendant's affidavit was made on personal knowledge, sets forth facts as would be admissible in evidence, and defendant is competent to testify as to the matters stated therein. To maintain an issue and avoid summary judgement, Rule 74.04(e) requires only facts be set forth. The rule does not require a party to present affidavits of all witnesses who may be called at trial and to present all available evidence to meet a burden of proof required at a trial on the issue before the finder of fact.

Finding that defendant's affidavit is sufficient as to preclude summary judgment we now consider whether defendant has standing to pursue his affirmative defense in light of the alleged requirement to tender back the money loaned by Bank and guaranteed by defendant.

■ Bank relies on *Rubenstein v. Dr. Pepper Company*, 228 F.2d 528 (8th Cir. 1955) which interpreted Missouri law and found that in a contractual act when "claiming to be mentally deficient, but not under guardianship, absent fraud or knowledge of such asserted incapacity by the other contracting party, is not a void act but at most only voidable at the instance of the deficient party; and then only in accordance with certain equitable principles." 228 F.2d at 536. Because the agreement is

merely voidable a preliminary step may be required.

Such a contractual act being only voidable under Missouri law, the party alleging contractual incapacity remains bound by his contract until he takes proper steps to avoid it or be relieved therefrom by resorting to a court of equity for the recession thereof. Before so doing, he must satisfy a prerequisite to the granting of any equitable relief he might be entitled to, i.e. he must place the other party in *status quo* by making proper tender back of all benefits he has received under the contract which he seeks to recind. *Id.*

Although these principles of law are sound they are irrelevant to the facts in the instant case. Here defendant is a guarantor and not the principal contracting party upon which liability has been asserted. A guarantee is a separate independent contract which imposes different responsibilities than those imposed in a contract to which it is collateral. *First National Bank of Clayton v. Frisco Park Realty Company*, 510 S.W.2d 59, 62 (Mo.App. 1974). A guarantee is a collateral agreement for another's undertaking. *Id.* Here defendant is not in a position to tender back the money loaned by Bank to another. Appellant did not receive anything of value from the bank which could be tendered back to the bank. As such defendant's affirmative defense of mental incompetence and incapacity to enter into the contract as guarantor may validly be asserted as a defense without tender of the borrowed funds. Defendant's status as guarantor is not the same in resorting to the defense of mental incompetence, as that of a contracting party primarily liable on a debt. *See Mundorff v. Ramm*, 66 Cal.App. 553, 226 P. 820, 825 (1924).

The summary judgment against defendant Melvin D. Kweskin on Counts II and V relating to guarantor liability is reversed and those counts only are remanded. The judgment on Count VI relating to appellant's joint venture liability is affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.